# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

GEORGE KEVIN QUINN                                        PLAINTIFF

v.                                         CIVIL ACTION NO. 4:13CV-78-M

CITY OF OWENSBORO *et al.*                                 DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, George Kevin Quinn, filed the instant *pro se* action under 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court on preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff was an inmate in the Daviess County Detention Center (DCDC). Subsequent to filing the complaint, Plaintiff filed a notice of change of address indicating that he has been released from DCDC. He sues the City of Owensboro; David Osborne, the DCDC Jailer; Clark Pelfrey, the Health Director of Southern Health Partners; Christie Robinson, a social worker with "D.C.B.S." in Owensboro; Claude Porter, a prosecutor at the Morton Holbrook Judicial Center; and Lisa Jones, a judge at the Morton Holbrook Judicial Center. He sues each Defendant in his or her individual and official capacity.

Plaintiff states that "Christy Robinson and Lisa Payne have for the last 6 years held my son kidnapped by abusing their powers - (Kidnapping abusing a mentally ill person)." He avers, "Claude Porter has for past 6 years covered up evidence I have to this allegation! Accessory to kidnapping and abusing a mentally ill person. Claude Porter has refused to arrest David Osborne

of assault and abusing a mentally ill person and kidnapping." He further states that Defendant Osborne "assaulted me on 7-7-12 and unlawfully arrested me, also abused a mentally ill person." Finally, Plaintiff asserts that Defendant Pelfrey "has refused to give me medical treatment since 10-12." Plaintiff contends that "[a]ll charges violate my First Amendment right of free speech. These are hate crimes due to my religious beliefs!"

As relief, Plaintiff seeks compensatory and punitive damages, and injunctive relief in the form of "paying for my surgery I need." He also requests to "remove Defendants from positions and imprison."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district

2

court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Official-capacity claims

Plaintiff's official-capacity claims against Defendants are actually claims against their employers. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants Osborne and Pelfrey are actually against Daviess County and Southern Health Partners, respectively. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a

3

*respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id*. The same analysis that applies to municipalities applies to a § 1983 claim against a private corporation like Southern Health Partners.[1] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

Plaintiff has not alleged that Defendant Osborne or Pelfrey acted pursuant to a policy or custom of Daviess County or Southern Health Partners with respect to their alleged action. Plaintiff's complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's official-capacity claims against Defendants Osborne and Pelfrey will be dismissed for failure to state a claim upon which relief may be granted.

Further, Plaintiff's official-capacity claims against Robinson, Porter, and Jones also fail. Plaintiff states that Defendant Robinson is an employee of D.C.B.S., which the Court presumes is the Department of Community Based Services, an agency of the Kentucky Cabinet for Health and Family Services. *See Barrett v. Benchmark Family Servs., Inc.*, No. 6:07-406-DCR, 2008

---

[1] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). Southern Health Partners has apparently contracted with DCDC to provide medical services to inmates.

U.S. Dist. LEXIS 38961, at *4 (E.D. Ky. May 12, 2008). Plaintiff identifies Porter as a prosecutor and Jones as a judge, and the Court presumes they are both state-court officials.

First, as state employees or officials sued in their official capacities for damages, Defendants are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. at 169; *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."). Second, a state official sued in his official capacity for damages is not a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Consequently, Plaintiff's official-capacity claims against Defendants Robinson, Porter, and Jones for damages are subject to dismissal for seeking monetary relief from a defendant immune from such relief and for failure to state a claim. As Plaintiff alleges no claim for injunctive relief against these Defendants, the official-capacity claims against them will be dismissed.

**B.    Individual-capacity claims**

    **1.    Defendants Robinson and Porter**

Plaintiff alleges that Defendant Robinson, a social worker, and non-Defendant Lisa Payne have held his son kidnapped by abusing their power. He also asserts that Defendant Porter has "covered up evidence" of the alleged kidnapping. He offers no facts surrounding these claims. Without facts, the allegations amount to "'naked assertion[s]' devoid of 'further factual enhancement[,]'" which are insufficient to survive initial review. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

5

Plaintiff also contends that Defendant Porter refused to arrest Defendant Osborne for assault and abusing a mentally ill person. However, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 Fed. Appx. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, 11 Fed. Appx. 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Therefore, Plaintiff cannot maintain a claim against Defendant Porter for failure to arrest Defendant Osborne. Moreover, this Court does not have the power to direct that criminal charges be filed against anyone. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Accordingly, Plaintiff's individual-capacity claims against Defendants Robinson and Porter will be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Osborne

Plaintiff alleges that Defendant Osborne "assaulted" him, unlawfully arrested him, and "abused a mentally ill person." However, he states no factual allegations in support of these claims, such as the circumstances of the alleged assault or under what charges he was arrested. Plaintiff's claims against Defendant Osborne consist of 'bare assertion[s] of legal conclusions'" which this Court is not required to accept. *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Therefore, Plaintiff's individual-capacity claims against Defendant Osborne will be dismissed for failure to state a claim.

### 3. Defendant Pelfrey

Plaintiff states that Defendant Pelfrey "has refused to give me medical treatment." "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837-38. Therefore, to prove a prison official is liable under the Eighth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).

Here, Plaintiff does not state what alleged medical need required treatment. As such, he cannot state a claim for deliberate indifference under the Eighth Amendment, and the individual-capacity claim against Defendant Pelfrey will be dismissed.

### 4. First Amendment claims

Plaintiff alleges that Defendants violated his First Amendment right to freedom of speech and committed hate crimes due to his religious beliefs. Plaintiff fails to explain how the First Amendment applies to his claims. Based on the facts alleged by Plaintiff, the Court does not find that Plaintiff states a cognizable First Amendment claim against any Defendant. Further, he does not state facts to support any civil hate-crime or discrimination claim.

### 5. Defendants City of Owensboro and Jones

The complaint makes no reference to Defendant City of Owensboro or Jones, except in the portions of the complaint where Defendants are to be listed. Plaintiff states no facts

regarding these Defendants' personal involvement in the events giving rise to the complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Defendant City of Owensboro or Jones, the claims against them will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order dismissing the action consistent with this Memorandum Opinion.

Date: December 9, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
   Defendants
4414.010